UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEVEN O'BRIEN,

        Petitioner,

  - against -

DUKE TERRELL, WARDEN, Metropolitan
Detention Center, 80-29th Street
Brooklyn, New York 11232,

        Respondent.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
10-CV-03042 (RRM)

**ROSLYNN R. MAUSKOPF, United States District Judge.**

On August 12, 2008, the United States District Court for the Northern District of New York sentenced Steven O'Brien ("petitioner") to a 41-month term of imprisonment for committing mail fraud. (McFarland Decl. ¶ 3.) On September 23, 2008, petitioner arrived at the Metropolitan Detention Center ("MDC"), located in Brooklyn, New York. (*Id.* at ¶ 4; Inmate History, Ex. 2 to McFarland Decl.) On June 28, 2010, while an inmate at the MDC, he filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet. (Doc. No. 1).) Broadly read, petitioner alleges that he has been subjected to "harsh incarceration," and has suffered emotionally and psychologically as a result, and seeks a reduction of his sentence. (*Id.* at 2–3.) On May 17, 2011, petitioner was transferred from the MDC to his own home, in order to serve the remainder of his sentence under home confinement. As explained below, this fact renders the petition moot. Therefore the petition for a writ of habeas corpus is denied and dismissed in its entirety.

## DISCUSSION

"A motion pursuant to [Title 28 U.S.C Section 2241] generally challenges the execution of a federal prisoner's sentence, including such matters as . . . prison conditions." *Jiminian v.*

*Nash*, 245 F.3d 144, 146 (2d Cir. 2001); *see also Jabarah v. Garcia*, No. 08-CV-3592 (DC), 2010 WL 3834663, at *4 (S.D.N.Y. Sept. 30, 2010) ("When a federal inmate is challenging the conditions of confinement, the proper vehicle for such a challenge is the federal habeas statute, 28 U.S.C. § 2241."). Petitioner, a former federal inmate, challenges the conditions of confinement in the MDC. (Pet. at 2–3.) Therefore, petitioner is challenging the execution of his sentence by the BOP with respect to conditions of confinement, and the petition is properly brought as a Section 2241 habeas petition.

However, as discussed more fully below, petitioner has requested a sentence reduction based on harsh conditions of confinement at the MDC, from which he was previously released. While habeas relief may be an available avenue to petitioners making claims based on conditions of confinement, the appropriate remedy is relief from those conditions, not reduction of sentence. Moreover, any such claim for injunctive relief would be moot, as petitioner is no longer in the custody of the MDC and is no longer subject to the conditions alleged. Furthermore, even if the petition is read broadly to include a *Bivens* action for damages based on harms resulting from conditions of confinement, petitioner has failed to exhaust his administrative remedies, as would be required for such an action. Therefore, his petition as written is denied.

## I. Request for Improper Remedy

In support of his request for a sentence reduction, petitioner relies on Sentencing Guidelines Section 5K2.0, which permits downward departures from the Guidelines for harsh *pre-trial* conditions of confinement. This is an erroneous interpretation of the Guidelines, which do not provide for consideration of post-conviction conditions. *See Medina-Rivera v. Terrell*, No. 11-CV-0734 (BMC), 2011 WL 3163199, at *2 (E.D.N.Y. July 26, 2011); *Kornegay v. Fed. Bureau of Prisons*, No. 07–CV–3990 (ARR), 2007 WL 2907326, at *2 (E.D.N.Y. Oct. 4, 2007).

Additionally, petitioner has not satisfied any of the conditions under which a federal court is authorized to modify a sentence *ex post facto*. *See* 18 U.S.C. § 3582(c); *Jenkins v. United States*, 246 F.R.D. 138, 141 (E.D.N.Y. 2007). The Director of the BOP has not made any motion requesting a modification of petitioner's sentence. *See Jenkins*, 246 F.R.D. at 141. Neither of the two criteria of Rule 35 of the Federal Rules of Criminal Procedure—allowing post-conviction modification of sentences—is met. Fed. R. Crim. P. 35 (providing a fourteen-day window for correction of error and allowing the government to move for a sentence modification). Nor has the Sentencing Commission subsequently reduced the sentencing range that was applicable to petitioner's crime at the time of his conviction. *See id.*; U.S. Sentencing Guidelines Manual pt. B, §1B1.10, & App'x C (2011). Therefore, sentence reduction is not an available remedy to petitioner.

## II.  Lack of Subject Matter Jurisdiction

The Court could read the petition to include a request for injunctive relief from the alleged conditions of confinement. However, when a petitioner is transferred from a facility, any claims for injunctive relief against that facility become moot. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008); *Prins v. Coughlin*, 76 F.3d 504, 506 (2d Cir. 1996); *Jabarah*, 2010 WL 3834663, at *3 ("When an inmate is transferred from a prison facility, any pending injunctive action against the transferring facility is moot, regardless of whether the action was filed prior to the transfer."). This is so even if the Section 2241 habeas petition was properly filed in the district of confinement prior to the transfer. *Jabarah*, 2010 WL 3834663, at *3.

Petitioner filed the instant 2241 habeas petition in the Eastern District of New York while he was incarcerated at the MDC in Brooklyn. The petition was properly brought in this court at that time. However, on May 17, 2011, petitioner was transferred to his home in Rockland

3

County to serve the remainder of his sentence under home confinement.  Consequently, any claim for injunctive relief against the MDC or its personnel is moot, and the Court must dismiss such claim for lack of jurisdiction.  *See Hill v. Zenk*, 115 Fed. App'x 97, 97 (2d Cir. 2004); *Jabarah*, 2010 WL 3834663, at *3.

### III. Failure to Exhaust Administrative Remedies

Even though petitioner's 2241 habeas claim must be dismissed, the facts alleged in the petition could be construed as raising a civil rights claim.  *See Thompson*, 525 F.3d at 209–10 (reversing district court dismissal of action brought by *pro se* petitioner when facts alleged could have entitled the petitioner to relief under civil rights law, even though the claims were not framed as civil rights claims).  Here, the petition could be construed as raising a possible claim under the Eighth Amendment, pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).  Harsh prison conditions may constitute Eighth Amendment violations if they "deprive inmates of the minimal civilized measure of life's necessities."  *Estrella v. Terrell*, No. 10-CV-3777, 2011 WL 1837775, at *2 (E.D.N.Y. May 13, 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

However, to bring a *Bivens* action challenging prison conditions, a petitioner must first exhaust his administrative remedies, as required by the Prison Litigation Reform Act, Title 42 U.S.C. Sections 1997e *et seq*. ("PLRA").  Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under . . . any . . . Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life . . . ."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see also Johnson v. Rowley*, 569 F.3d 40, 45 (2d Cir. 2009).  Federal prisoners seeking to challenge the conditions of

4

their confinement must first utilize the four-step Administrative Remedy Program developed by the Bureau of Prisons ("BOP"). *See Boiling v. Terrell*, No. 10–CV–3594 (KAM), 2010 WL 5101074, at *2 (E.D.N.Y. Dec. 8, 2010); 28 C.F.R. §§ 542.10–.19.

> First, the prisoner must attempt to resolve the issue informally. Second, if discontented with the informal resolution, the prisoner must submit a formal written Administrative Remedy Request to the institution in which he is housed. Third, the prisoner must appeal an unfavorable decision at the institutional level to the BOP's Regional Director. Finally, the prisoner must appeal an unfavorable decision at the regional level to the BOP's General Counsel. Only once the prisoner has completed these four steps can he be considered to have exhausted his administrative remedies.

*Medina-Rivera v. Terrell*, 2011 WL 3163199, at *1.

Here, petitioner acknowledges that he has not exhausted his administrative remedies. However, courts have discretion "to employ a broad array of exceptions that allow a plaintiff to bring his case in district court despite his abandonment of the administrative review process." *Beharry v. Ashcroft*, 329 F.3d 51, 58 (2d Cir. 2003) (quotation omitted). Among these is the futility exception, by which the petitioner must persuade the court that "administrative appeal would be futile." *Id.* at 62. In this case, petitioner argues that exhaustion would be futile since the Bureau of Prisons "does not have authority to amend a prisoner sentence or reduce a prisoner sentence." (Pet., Mem. of Law at 1.) However, as discussed above, his desired remedy—a sentence reduction—is not available in a habeas petition based on conditions of confinement. Furthermore, the Supreme Court has made clear that the requirement to exhaust administrative remedies applies to prisoner suits, even if the relief sought is not available through the prison's grievance process. *See Booth v. Churner*, 532 U.S. 731, 741 & n.6 (2001); *Dunster v. Federal Bureau of Prisons*, No. 10–CV–1735 (ARR)(LB), 2011 WL 2360353, at *3 (E.D.N.Y. June 9, 2011). Thus, because petitioner has not exhausted his administrative remedies, he cannot obtain relief even under *Bivens*.

**CONCLUSION**

For the reasons set forth herein, petitioner's claims lack merit and the petition for a writ of habeas corpus is DISMISSED in its entirety. The Clerk of Court is directed to dismiss the petition, send a copy of this Memorandum and Order to petitioner and note the mailing on the docket, and close the file.

The Court also denies a certificate of appealability as petitioner failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003); *Luciadore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
June 25, 2012

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge